UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-6067(DSD/RLE)

Julie M. Steinlage, Trustee
for the Heirs of Dolores
Mae Smith,

        Plaintiff,

v.                                                            **ORDER**

Mayo Clinic Rochester, a
Minnesota corporation,

        Defendant.

    Roger R. Roe, Jr., Esq., Edward P. Sheu, Esq. and Best & Flanagan LLP, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402 and David B. Ketroser, M.D., J.D., P.O. Box 427, Hopkins, MN 55343, counsel for plaintiff.

    Paul B. Klaas, Esq., Gillian Brennan, Esq., Bart Torvik, Esq. and Dorsey & Whitney, LLP, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402 and Matthew J. Hanzel, Esq., Mayo Foundation, Legal Department, 200 First Street S.W., Rochester, MN 55905, counsel for defendant.

    This matter is before the court upon plaintiff's motions for entry of judgment and costs, for an evidentiary hearing and to reopen discovery. After a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiff's motions.

**BACKGROUND**

Plaintiff Julie M. Steinlage is the court-appointed trustee for the heirs of her mother, Dolores Mae Smith. Plaintiff filed this wrongful death action on November 4, 2003, claiming that defendant Mayo Clinic Rochester committed medical negligence by failing to discover the presence of cancer during a 1999 examination of Smith's gallbladder. In the complaint, plaintiff asserted subject matter jurisdiction based upon diversity of citizenship between herself, a Nevada citizen, and defendant, a Minnesota corporation with its principal place of business in Minnesota.[1] (See Am. Compl. ¶¶ 1-2.) At all times, Smith was a resident and citizen of Minnesota.

After sixteen months of discovery and pre-trial motion practice, this case proceeded to a jury trial before the Honorable Judge Paul A. Magnuson on April 18, 2005. On the third day of trial, near the close of plaintiff's case, defendant orally moved to dismiss the case for lack of subject matter jurisdiction. Defendant argued that the Minnesota citizenship of the decedent, Smith, was determinative for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c).[2] Relying on Green v. Lake of the Woods

---

[1] The court notes that while the case was on appeal the Eighth Circuit Court of Appeals granted plaintiff's motion to amend the complaint to plead an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332(a).

[2] In pertinent part, 28 U.S.C. § 1332(c)(2) provides that
(continued...)

2

County, 815 F. Supp. 305, 309 (D. Minn. 1993), Judge Magnuson agreed, granted defendant's motion and dismissed plaintiff's case without prejudice. On appeal, the Eighth Circuit Court of Appeals reversed, holding that the citizenship of the Minnesota wrongful death trustee, rather than the citizenship of the decedent, controls for purposes of diversity jurisdiction. See Steinlage v. Mayo Clinic Rochester, 435 F.3d 913, 914 (8th Cir. 2006). Having concluded that diversity of citizenship exists, the Eighth Circuit remanded the case for further proceedings. Id. at 920. On February 27, 2006, Judge Magnuson recused pursuant to 28 U.S.C. § 455 and this matter was reassigned.

   Plaintiff now moves the court to sanction defendant and its counsel by striking defendant's answer, entering judgment against defendant and awarding plaintiff costs, expenses and attorney fees. Plaintiff also moves the court for an evidentiary hearing to allow the taking of testimony regarding defendant's alleged misconduct. Alternatively, plaintiff moves the court to reopen discovery for the limited purpose of allowing plaintiff an opportunity to obtain a pathology laboratory manual that plaintiff claims is in existence, is in defendant's possession and is relevant to her negligence claim.

---

² (...continued)
"the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

**DISCUSSION**

In support of her motions, plaintiff cites to Federal Rules of Civil Procedure 11 and 37(c), 28 U.S.C. § 1927 and the court's inherent equity power to issue sanctions. The court addresses each authority in turn.

**I.   Federal Rule of Civil Procedure 11**

Rule 11 "is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases." Adduono v. World Hockey Ass'n, 824 F.2d 617, 621 (8th Cir. 1987). Party-initiated motions for Rule 11 sanctions must comply with its procedural requirements, including the 21-day safe harbor. See Fed. R. Civ. P. 11(c)(1)(A); Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1030 (8th Cir. 2003)(district court abuses discretion to issue Rule 11 sanctions when party did not comply with procedural requirements).

In filing her motion for sanctions, plaintiff did not comply with the 21-day safe harbor provision of Rule 11.  Plaintiff argues that her noncompliance with the safe-harbor provision is justified because the intervening appeal to the Eighth Circuit rendered compliance with the Rule's mandates futile due to the impossibility of defendant's counsel retracting the alleged misconduct or withdrawing its oral motion to dismiss.  The court disagrees. Rather, plaintiff's inability to afford defendant an opportunity to withdraw or rectify the alleged misconduct renders Rule 11

inapplicable to the present situation. See Ridder v. City of Springfield, 109 F.3d 288, 296-97 (6th Cir. 1997) (rejecting argument that safe harbor provision rendered an "empty formality" when Rule 11 motion filed after grant of summary judgment and holding defendant waived opportunity to Rule 11 award by awaiting judicial resolution of the parties' contentions). The court will not impose Rule 11 sanctions when the opposing party has been deprived of its 21-day safe harbor due to the progression of the lawsuit and ultimate rejection of the allegedly offending contention. See id. Therefore, the court will not sanction defendant's counsel under Rule 11.

**II.  Federal Rule of Civil Procedure 37**

Pursuant to Rule 37(c)(1), the court will sanction a party that "without substantial justification" fails to make the mandatory disclosures required by Rule 26(a) or to supplement those disclosures as required by Rule 26(e). Unless the court finds a party's failure to disclose to be harmless, a party will not be permitted to use any such evidence at trial. Fed. R. Civ. P. 37(c)(1); Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). In addition to exclusion of evidence, the court may also impose further sanctions, including expenses and attorney fees as well as any other "just" sanction authorized by Rule 37(b)(2). See Fed. R. Civ. P. 37(c)(1). However, entry of judgment is rarely an appropriate Rule 37 sanction and will be considered "just" only

upon a finding of willfulness and bad faith. See Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009-10 (8th Cir. 1993) (entry of judgment appropriate when failure to comply with discovery requests amounted to "flagrant bad faith").

Plaintiff argues that defendant has repeatedly abused the discovery process by failing to disclose, identify or produce a pathology laboratory manual. According to plaintiff, defendant has possessed throughout the course of this litigation a manual that sets forth its protocol for preparing, processing and examining gallbladder specimens. Plaintiff submits the affidavit of Dr. David G. Bostwick, who attests that while he was a Mayo Clinic pathologist one of his duties was to update a laboratory manual. (See Roe Decl. Ex. Q ¶¶ 1-3.) Plaintiff also argues that because federal regulations required defendant to possess a lab manual in 1999, the failure of the College of American Pathologists to cite defendant for noncompliance with such regulations is proof of the manual's existence. (See Roe Decl. ¶¶ 31-32 and Exs. R, S.)

Defendant has consistently denied the existence of any such lab manual, both in this action as well as the collateral state court action. Defendant now further submits the declaration of Dr. Jeffrey Meyers, former chairman of defendant's anatomic pathology division and supervisor of Dr. Bostwick. (See Myers Decl. ¶¶ 4-7.) According to Dr. Myers, defendant's pathology laboratory did not have a manual in 1999 that prescribed the procedure for specimen

6

collection, preparation or examination and Dr. Bostwick's responsibilities did not include updating such a manual. (Id.)

Having carefully reviewed the record in this case, the court finds plaintiff's Rule 37 motion untimely and unsubstantiated. Plaintiff never filed a Rule 37 motion prior to commencement of trial. Rather, plaintiff proceeded to trial without formally or properly challenging any of defendant's Rule 26 disclosures. Prior to trial, plaintiff did file a motion in limine to exclude the introduction of any evidence that defendant had not produced. Judge Magnuson denied that motion, noting with acuity that "the record belies any argument that defendant has failed to comply with plaintiff's discovery requests" and that if plaintiff believed that defendant had abused the discovery process she "should have conducted the necessary motion practice." (See Order dated Apr. 11, 2005.) Plaintiff has made no showing of good cause as to why she should be allowed to engage in that motion practice at this stage in the proceedings. The court is unpersuaded by plaintiff's reliance on federal regulations as being indicative of the manual's existence.

Furthermore, the court also notes that plaintiff's continued pursuit of the manual and her submission of the affidavit of Dr. Bostwick disregard prior orders of this court. On March 18, 2005, Magistrate Judge Raymond L. Erickson granted defendant's motion to strike the untimely supplemental expert affidavits of Drs. Kenneth

S. McCarty and Kim Geisinger.[3]  (See Order dated Mar. 18, 2005.) In granting defendant's motion, Magistrate Judge Erickson rejected plaintiff's argument that defendant's Rule 26 disclosures were misleading and that defendant failed to disclose the alleged pathology laboratory manual.  (See id. at 18.)  On April 7, 2006, relying on Magistrate Judge Erickson's prior rulings, Judge Magnuson denied plaintiff's request to serve a Subpoena Duces Tecum on Dr. Bostwick, holding that the manual, assuming its existence, is not relevant to the medical negligence issue involved in this case and would not be admissible at trial.  (See Order dated Apr. 11, 2005, at 3-4.)

Plaintiff sets forth no argument why the court should depart from the established law of this case and revisit issues previously resolved.  See Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev., 807 F.2d 1433, 1440-41 (8th Cir. 1986) (law of the case doctrine discretionary and prevents "relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency").  The court will reconsider issues previously decided only upon the introduction of

---

[3]  The content of those affidavits related to a "purported deficiency in the number of slides" taken of Smith's gallbladder in 1999 and plaintiff's assertion that defendant had engaged in conduct that violates federal regulations and the standards established by the College of American Pathologists. (See Order dated Mar. 18, 2005, at 14-15.)

"substantially different evidence" or a showing that the prior decision is "clearly erroneous and works manifest injustice." Id. at 1441.  Plaintiff has made no such showing.  The intervening appeal regarding the court's subject matter jurisdiction did not fortuitously amend the pleadings or the law of this case to render the manual or Dr. Bostwick's testimony relevant and admissible.[4] Plaintiff has offered pure conjecture throughout this litigation in support of her argument that defendant is in possession of the purported manual.  For all of the foregoing reasons, the court denies plaintiff's motion to enter judgment under Rule 37 as well as plaintiff's motion to reopen discovery to obtain the manual.

**III.  28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, the court has discretion to sanction an attorney who "unreasonably and vexatiously" multiplies

---

[4] During oral arguments, plaintiff raised for the first time her argument that in accordance with Federal Rule of Civil Procedure 15(b) Judge Magnuson's allowance of certain testimony during trial resulted in a de facto amendment of the pleadings to conform to the evidence, thereby rendering the manual relevant and admissible.  Pursuant to Rule 15(b), "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."  Due to the unique procedural posture of this case and the intervening appeal, none of the issues involved herein have been tried.  Furthermore, plaintiff provided the court no authority for the proposition that amending the pleadings to conform to the evidence submitted at trial could be the basis for reopening discovery.  The sole issue presently before the court is whether the imposition of sanctions is warranted.  Therefore, to the extent plaintiff relies on Rule 15(b) as a basis for reopening discovery in this matter, the court finds that reliance to be procedurally flawed.

9

the proceedings in a case. Section 1927 sanctions are warranted when, viewed objectively, an attorney's conduct "'manifests either intentional or reckless disregard of the attorney's duties to the court.'" Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (quoting Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990)). The court may infer bad faith when counsel's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2nd Cir. 1991); see also Steimel v. Inc. Vill. of Rockville Ctr., 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (although colorable, "the timing and presentation of the motion ... was nothing short of vexatious, dilatory and disruptive"). Striking a defendant's answer and entering a default judgment is an appropriate sanction "when a party engages in a pattern of deceit." Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694-95 (8th Cir. 2001) (affirming dismissal with prejudice of plaintiff's claims for willful failure to disclose and abuse of discovery process); Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999) (affirming entry of default judgment against defendant who engaged in egregious abuses of discovery).

Willful pursuit of a litigation strategy that actively conceals the court's lack of subject matter jurisdiction may warrant § 1927 sanctions. See Basso v. Utah Power & Light Co., 495

F.2d 906, 911 (10th Cir. 1974) (sanctions warranted when corporate defendant did not disclose locality of its principal place of business until after entry of adverse judgment); Itel Containers Int'l Corp. v. Puerto Rico Marine Mgmt., Inc., 108 F.R.D. 96, 103 (D.N.J. 1985) (sanctions warranted when defendant was aware that plaintiff mistakenly invoked jurisdiction and actively concealed its state of incorporation).  In Page v. Wright, the Seventh Circuit aptly noted the aggravation a trial court might endure upon discovering a "course of counsel which permits a cause to proceed to a point where an adverse decision is in prospect and then, for the first time, raise the [jurisdictional] question."  116 F.2d 449, 454 (7th Cir. 1940) (reversing grant of summary judgment and remanding case to resolve question of jurisdiction).  The "duty imposed upon counsel to deal fairly and sincerely with the court and opposing counsel so as to conserve the time and expense of all" is significant and the court might well deem "reprehensible" an "intentional failure to raise the jurisdictional question in the beginning."  Id. at 454-55

Plaintiff asserts that defendant deliberately awaited the third day of trial to assess its likelihood of success before orchestrating its motion to dismiss.  Plaintiff claims that defendant and its counsel were aware from the date she commenced this action that Smith was a Minnesota resident and the court was arguably without jurisdiction under Green v. Lake of the Woods

County, 815 F. Supp. 305 (D. Minn. 1993). Plaintiff attributes this knowledge to defendant and its counsel based on, among other things, Smith's prior employment with defendant, her forty years of medical treatment by defendant, the prominent display of her Minnesota residence on her medical records and bills, her death certificate that was signed by a defendant physician and a condolence letter that was written by a defendant physician and mailed to Smith's Minnesota address four days following her death. (See Roe Decl. Exs. A-D, F, I.)

In response, defendant's counsel claim that they were unaware that plaintiff's pleading of subject matter jurisdiction was in defiance of the Green decision and never investigated plaintiff's assertion of diversity of citizenship or Smith's citizenship prior to trial. Rather, defendant's counsel state that they assumed throughout the course of the litigation that Smith was no longer a Minnesota citizen. In support of this argument, they identify a handful of Smith's recent medical records that indicate Smith was in Nevada or California and argue that the logical conclusion from those documents is that Smith had moved out West. (See Torvik Decl. Ex. 9.) Defendant and its counsel assert that they first became aware of Smith's Minnesota citizenship when plaintiff testified that she obtained Smith's funeral attire from her Minnesota residence. Upon hearing plaintiff's testimony, defendant's counsel claim that they promptly researched the law

12

that evening and moved to dismiss the following morning as soon as they verified Smith's Minnesota citizenship through her husband's testimony. (See Myers Decl. ¶ 3.) Lastly, defendant emphasizes that because the applicable statute of limitations ran on November 30, 2003, no incentive existed for defendant to intentionally delay its motion to dismiss until April 20, 2005.

The court has reviewed the relevant pleadings, motions, discovery responses and transcripts in this case and agrees with plaintiff that it is replete with evidence that Smith was a Minnesota citizen. However, at this time and with the benefit of hindsight, the court will not impute timely knowledge of Smith's Minnesota citizenship to defendant's counsel. Although the explanation as to their sudden discovery of Smith's Minnesota citizenship is suspect, as is the timing of its motion to dismiss, that explanation is supported by the record.

Furthermore, defendant could not have concealed the existence of a published opinion of this court that called into question the propriety of plaintiff's assertion of diversity jurisdiction. As Judge Magnuson noted in orally granting defendant's motion, plaintiff's case was "directly in the confines of the Green v. Lake of the Woods case." (See Roe Decl. Ex. J at 20.) To the extent defendant had a duty to be aware of the Green opinion and provide that opinion to the court, that duty was equally shared by plaintiff because she had the burden of establishing jurisdiction

13

in the first instance. See VS Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) ("The burden of proving subject matter jurisdiction falls on the plaintiff.")

Finding no concrete or direct evidence of bad faith at this time, the court will not sanction defendant's counsel for raising a colorable, though ultimately unmeritorious, challenge to this court's jurisdiction. See, e.g., Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1240 (2006) (jurisdiction to be raised at any time in litigation, even following trial and entry of judgment); Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n, 893 F.2d 968 (8th Cir. 1990) (sua sponte raising diversity of citizenship on appeal). The court neither doubts nor discounts plaintiff's vexation with the protracted posture of this case in light of the timing of defendant's motion. However, as courts of limited jurisdiction, it is incumbent upon federal courts to ensure the court's jurisdiction endures at all stages of litigation. See Arbaugh, 126 S. Ct. at 1244. When viewed objectively, the court does not find that the conduct of defense counsel manifested an "intentional or reckless disregard" of their duties to the court. Tenkku, 348 F.3d at 743. For all the foregoing reasons, an evidentiary hearing on this issue is not necessary, and plaintiff's motion to enter judgment under 28 U.S.C. § 1927 is denied.

**IV.   Inherent Authority**

The court has the inherent authority to sanction a party or its counsel that acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Jaquette v. Black Hawk County, 710 F.2d 455, 462 (8th Cir. 1983). Exercise of this inherent authority requires a finding of bad faith and addresses conduct that constitutes willful abuse of judicial process or fraud upon the court. Stevenson v. Union Pac. R. Co., 354 F.3d 739, 751 (8th Cir. 2004); Jaquette, 710 F.2d at 462. The court exercises its inherent power to sanction cautiously and with "restraint and discretion." Chambers, 501 U.S. at 44; see also Pls.' Baycol Steering Comm. v. Bayer Corp., 419 F.3d 794, 802 (8th Cir. 2005). Plaintiff has not offered the court any direct evidence of bad faith by defendant or its counsel. Neither has plaintiff identified any direct or indirect benefit gained by defendant or its counsel as a result of the timing of the motion to dismiss. Therefore, an evidentiary hearing on this issue is not necessary, and plaintiff's motion to enter judgment under the court's inherent authority to sanction is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for an evidentiary hearing [Doc. No. 108] is denied.

  2. Plaintiff's motion for entry of judgment and costs [Doc. No. 110] is denied.

  3. Plaintiff's motion to reopen discovery [Doc. No. 112] is denied.

Dated:  May 30, 2006

            <u>s/David S. Doty    </u>
            David S. Doty, Judge
            United States District Court