UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-6067(DSD/RLE)

Julie M. Steinlage, Trustee
for the Heirs of Dolores
Mae Smith,

       Plaintiff,

v.                               **ORDER**

Mayo Clinic Rochester, a
Minnesota corporation,

       Defendant.

    Roger R. Roe, Jr., Esq., Edward P. Sheu, Esq. and Best & Flanagan LLP, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402 and David B. Ketroser, M.D., J.D., P.O. Box 427, Hopkins, MN 55343, counsel for plaintiff.

    Paul B. Klaas, Esq., Gillian Brennan, Esq., Bart Torvik, Esq. and Dorsey & Whitney, LLP, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402 and Matthew J. Hanzel, Esq., Mayo Foundation, Legal Department, 200 First Street S.W., Rochester, MN 55905, counsel for defendant.


    This matter is before the court upon plaintiff's motion in limine. After a thorough review of the file, record and proceedings herein, particularly the pleadings and former orders of the court, the court grants plaintiff's motion in part, denies it in part and denies it as premature in part.

## BACKGROUND

Plaintiff Julie M. Steinlage is the court-appointed trustee for the heirs of her mother, Dolores Mae Smith. Plaintiff filed this wrongful death action on November 4, 2003, claiming that defendant Mayo Clinic Rochester ("Mayo") committed medical negligence by failing to diagnose the presence of cancer during a 1999 examination of Smith's gallbladder. Specifically, in the amended complaint, plaintiff alleges the following claim of negligence:

> Caterina Giannini's, an employee of Mayo acting within the course and scope of her employment with Defendant, diagnostic interpretation of the slides applicable to the November 30, 1999 elective laparoscopic cholecystectomy was not only incorrect, but it also deviated from the acceptable standard of care for pathologists interpreting gallbladder specimens in that all seven slides demonstrate clear evidence of adenocarcinoma. Failure to see and understand that all seven slides demonstrated adenocarcinoma is medical negligence and a failure to utilize reasonable medical care under the circumstances.

(Am. Compl. ¶ 12.) That negligence claim is based on the following facts, as pleaded in the amended complaint.

On November 27, 1999, Smith presented in an emergency room of St. Mary's Hospital, Rochester, Minnesota, and was diagnosed with acute cholecystitis. (<u>Id.</u> ¶ 4.) On November 30, 1999, a Mayo employee conducted an elective laparoscopic cholecystectomy and sent surgical specimens of Smith's gallbladder to Mayo's pathology department for review. (<u>Id.</u> ¶ 5.) Dr. Caterina Giannini, a Mayo

2

pathologist, diagnosed the specimen as "subacute cholecystitis with cholelithiasis (approximately 35 mixed stones ranging in size from 0.1 to 1.5 cm in diameter)." (Id. ¶ 6.)

In June 2001, Smith returned to Mayo. Upon a discovery of cancerous tumors at the two laparoscopic abdominal incision sites from the 1999 gallbladder removal, the specimens of Smith's original gallbladder surgery of November 30, 1999, were re-reviewed. (Id. ¶ 9.) An addendum pathology report was issued and signed by Dr. Jeffrey L. Myers, stating that sections of the gallbladder show "focal invasive grade 3 (of 4) adenocarcinoma." (Id. ¶ 9.) Smith passed away on August 8, 2002. Plaintiff alleges that as a result of Mayo's medical negligence Smith experienced a twenty-month delay before she was accurately diagnosed and that but for the delay Smith's gallbladder cancer could have been treated and cured. (Id. ¶ 13.)

In her expert disclosures on August 31, 2004, plaintiff disclosed that Dr. Kenneth S. McCarty would be called to testify at trial

> regarding all issues raised by plaintiff in her Complaint, including the incorrect and negligent interpretation of surgical pathology slides by Dr. Caterina Giannini applicable to the surgery of Mrs. Dolores Smith on November 30, 1999. Dr. McCarty will further testify that Dr. Giannini's treatment of decedent Dolores Smith did not meet the accepted standard of care, was negligent, and will further testify that Dr. Giannini's negligence

3

> was a direct cause of damage in significantly altering her prognosis and the resulting untimely death of Ms. Smith.

(Pl.'s Expert Disclosures ¶ 1.)  Plaintiff's expert disclosures and a corresponding affidavit by Dr. McCarty were timely served upon defendant.  During the course of discovery, plaintiff deposed Drs. Giannini and Myers and became aware that on November 30, 1999, Giannini did not review the seven slides referenced in the amended complaint and identified in the addendum of the November 30 pathology report and Smith's medical records as slides A-1 through A-7.  (See Pfaffly Aff. Exs. 3, 4.)  Rather, in reaching her diagnosis on November 30, Giannini reviewed only one frozen section slide, which was disposed of within three days of its creation pursuant to Mayo's slide retention practice.  The seven slides referenced in the amended complaint and referred to in the November 30 pathology report were not created until July, 2001.

Based upon the information obtained during discovery, Dr. McCarty prepared an affidavit to supplement his original expert report, dated January 17, 2005.  (See Pfaffly Ex. 3.)  In February 2005, plaintiff disclosed Dr. Kim Geisinger as an additional expert witness.  In an order dated March 18, 2005, Magistrate Judge Raymond L. Erickson granted defendant's motion for a protective order and struck the supplemental affidavit of McCarty and the affidavit of Geisinger on the basis that they were not timely disclosed and plaintiff's failure to comply with the court's

pretrial scheduling order was neither substantially justified nor harmless. Magistrate Judge Erickson left to the court's discretion whether to permit Dr. Geisinger to testify as a rebuttal witness during trial.

Plaintiff now moves the court in limine to clarify the scope of the issues to be resolved at trial. Specifically, plaintiff moves the court to receive evidence disclosed in the affidavits of Drs. McCarty and Geisinger relating to (1) Mayo's failure to diagnose Smith's gallbladder cancer, (2) failure to retain the frozen section slide reviewed by Giannini on November 30, 1999 and (3) failure to retain the original or an exact duplicate of the November 30, 1999, pathology report signed by Giannini. Plaintiff argues that such evidence is admissible under the allegations set forth in the amended complaint pursuant to Federal Rule of Civil Procedure 8(a). Alternatively, plaintiff moves to amend the amended complaint pursuant to Federal Rule of Civil Procedure 15(b) based on testimony introduced during the prior, partial trial. Lastly, plaintiff moves the court for an adverse-inference instruction based on Mayo's failure to comply with federal regulations regarding its pathology slide retention practice.

In response, defendant provides the court no legal authority that would prevent the above testimony to be introduced at trial. Rather, defendant argues that such testimony is outside the law of the case, as established by prior orders of the court. The crux of

the parties' dispute is what evidence and which expert opinions are relevant to the negligence claim pleaded in the amended complaint.

## DISCUSSION

As a threshold matter, the court construes the Federal Rules of Civil Procedure to secure a "just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Under principles of notice pleading, a plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Pleading under the Federal Rules is not "a game of skill in which one misstep by counsel may be decisive to the outcome."  Conley v. Gibson, 355 U.S. 41, 48 (1957).  Rather, the principle of notice pleading, as set forth under the Federal Rules, "is to facilitate a proper decision on the merits."  Id.  The court is to construe all pleadings so "as to do substantial justice."  Fed. R. Civ. P. 8(f).

The law of the case doctrine is a discretionary tool to promote judicial efficiency and prevent relitigation of settled issues, the flexibility of which depends upon the context of its application.  See United States v. Todd, 920 F.2d 399, 403 (6th Cir. 1990); Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev., 807 F.2d 1433, 1440-41 (8th Cir. 1986).  Similarly, trial courts are not bound by evidentiary rulings made in a previous trial of the case, provided the issue

was not resolved during an intervening appeal. <u>United States v. Riley</u>, 684 F.2d 542, 545 n.5 (8th Cir. 1982). In light of these principles, following a thorough review of the prior orders of this court and with the amended complaint as its lodestar, the court resolves plaintiff's motion in limine as follows.

Dr. McCarty may testify at trial to those issues raised by the negligence claim pleaded in plaintiff's amended complaint, that is, whether Dr. Giannini's diagnosis of Smith's gallbladder on November 30, 1999, was in accordance with the relevant standard of care. To that extent, Dr. McCarty may testify regarding the number of slides prepared and reviewed by Dr. Giannini and her interpretation of those slides, testimony which is relevant to the negligence claim pleaded in this case. <u>See</u> Fed. R. Civ. P. 401, 402. Further, the court does not find that Mayo will be substantially or unduly prejudiced by such testimony. Plaintiff timely disclosed Dr. McCarty to testify in this action regarding the entirety of the negligence claim pleaded in the amended complaint, which explicitly alleges that Dr. Giannini deviated from the acceptable standard of care for pathologists interpreting gallbladder specimens and references the failure to diagnose Smith's gallbladder cancer based on seven slides. To the extent Dr. McCarty has supplemented his initial expert opinion based on plaintiff's discovery of the fact that Dr. Giannini reviewed only one slide on November 30, as opposed to the seven slides identified in the November 30 pathology

report, the court finds such supplementation is encompassed within the amended complaint under principles of notice pleading.

Further, Dr. Giannini, defendant's pathologist, has known from the commencement of this action that she only reviewed one frozen section slide from tissue block A1 on November 30, 1999, as opposed to the seven permanent section slides from tissue blocks A1-A7. Similarly, it was defendant's own experts that disclosed all the information that formed the basis of Dr. McCarty's supplemental affidavit. Therefore, the court does not find that defendant will be substantially prejudiced by permitting Dr. McCarty to testify that Dr. Giannini's pathological review and interpretation of one frozen section slide on November 30, 1999, constituted medical negligence.

However, consistent with the prior orders of Magistrate Judge Erickson, the court concludes that plaintiff's negligence claim cannot be construed so broadly as to assert a claim based on (1) purported deficiencies in Mayo's slide retention practices or (2) Mayo's failure to comply with federal regulations by not retaining the frozen section slide or the original November 30, 1999, lab report. Dr. McCarty may not testify regarding: (1) Mayo's failure to retain the frozen section slide reviewed by Dr. Giannini on November 30, 1999, (2) that Mayo's slide retention practices violated federal regulations or do not comply with the standards promulgated by the College of American Pathologists or

(3) Mayo's failure to retain an original version of the November 30, 1999, pathology report prepared by Dr. Giannini. Such testimony is not relevant to the negligence claim pleaded in the amended complaint.[1] See Fed. R. Civ. P. 401, 402. Although a witness may testify that the slide reviewed by Dr. Giannini is not available today because it was disposed of within three days pursuant to Mayo's standard practice for frozen section slides, plaintiff may not produce any testimony that the failure to retain the slide deviates from any applicable standard of care.

Further, the probative value of any testimony that Mayo's failure to retain the stained frozen section slide or original pathology lab report violated federal regulations or the standards of the College of American Pathologists, even if relevant, would unnecessarily confuse the issues in this case, mislead the jury and prejudice defendant. Fed. R. Civ. P. 403. Therefore, as it relates to the testimony of Dr. McCarty, the court grants in part and denies in part plaintiff's motion in limine.

As it relates to Dr. Geisinger, because Dr. Geisinger was not timely disclosed as an expert in this action, plaintiff may not call Dr. Geisinger to testify in her case-in-chief for the reasons

---

[1] The court presumes that the prior orders in this case make abundantly clear that plaintiff may also not introduce any evidence relating to defendant's alleged failure to possess a pathology laboratory manual in 1999 that purportedly set forth defendant's protocol for preparing, processing and examining gallbladder specimens, which plaintiff asserts is required by federal regulations and the College of American Pathologists.

stated in Magistrate Judge Erickson's order dated March 18, 2004. However, Magistrate Judge Erickson left to the discretion of the court whether plaintiff may call Dr. Geisinger as a rebuttal witness, a determination that would be premature at this point. Therefore, to the extent plaintiff moves to introduce the testimony of Dr. Geisinger in her case-in-chief, the court denies that request. To the extent plaintiff moves to introduce the testimony of Dr. Geisinger to rebut defendant's expert witnesses, the court denies the request without prejudice as premature. In the event the court permits Dr. Geisinger to testify as a rebuttal witness, such testimony will be limited by the same restrictions that the court has placed on the testimony of Dr. McCarty.

To the extent plaintiff moves to introduce testimony admitted into evidence at the first trial of this case before Judge Paul A. Magnuson on the basis that such testimony is not hearsay, the court denies plaintiff's motion as premature. To the extent plaintiff argues that the pleadings in this case have been amended pursuant to Federal Rule of Civil Procedure 15(b) to conform to the evidence introduced in the former trial, the court rejects that argument.

Lastly, on March 4, 2004, Magistrate Judge Erickson denied plaintiff's motion to amend the complaint to plead punitive damages and alternative request for an evidentiary presumption that Mayo's failure to retain the stained frozen section slide infers that it contained evidence favorable to plaintiff. Plaintiff argues that

10

the court is not bound by Magistrate Judge Erickson's decision and that the court should find spoliation of evidence has occurred based on Mayo's alleged failure to comply with federal slide retention regulations.  Plaintiff now asserts the same argument as to the alleged failure to obtain the original version of the November 30, 1999, pathology lab report.  However, for the reasons stated in the magistrate judge's thorough and well-reasoned opinion regarding plaintiff's allegations of spoliation in this case, the court finds that plaintiff is not entitled to an adverse-inference instruction.  (See Torvik Jan. 2, 2007, Aff. Exs. 1, 7, 10, 11.) The court denies defendant's motion in limine in that regard.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that plaintiff's motion in limine [Docket No. 142] is granted in part, denied in part and denied as premature in part.

Dated:  January 11, 2007

　　　　　　　　　　　　　　　　　　s/David S. Doty
　　　　　　　　　　　　　　　　　　David S. Doty, Judge
　　　　　　　　　　　　　　　　　　United States District Court